IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PRODUCERS CREDIT CORPORATION, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 5:15-CV-214 (CAR) |
| STUART EUGENE MCCLESKEY, | : : : | |
| Defendant. | : : | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

On June 5, 2015, Plaintiff Producers Credit Corporation ("Plaintiff") filed a Complaint against Defendant Stuart Eugene McCleskey ("Defendant") seeking to recover the unpaid balance, accrued interest, and late charges due and outstanding under a promissory note (the "Note") executed by Defendant.  Plaintiff also seeks attorney's fees pursuant to O.C.G.A. § 13-1-11.  Defendant was served with process on June 10, 2015, but failed to answer or respond.  At Plaintiff's request, the Clerk of Court entered a default against Defendant on July 7, 2015.

Now, Plaintiff moves the Court for entry of default judgment and petitions the Court for a writ of possession pursuant to O.C.G.A. § 44-14-230 *et seq*.  Defendant has not appeared or filed a response, and the time for doing so has passed.  For the reasons set forth below, Plaintiff's Motion for Entry of Default Judgment [Doc. 6] is **GRANTED**.

## PLAINTIFF'S ALLEGATIONS

According to the Complaint, on May 1, 2014, Defendant made, executed, and delivered a promissory note in favor of Plaintiff in the original principal amount of $250,122.00. Under the terms and conditions of the Note, Defendant was to repay the note in consecutive monthly installments. The Note matured on February 10, 2015, at which point the principal sum owed and interest accrued thereon became due and payable. Defendant also agreed to pay reasonable attorney's fees and other expenses incurred by Plaintiff if placed with an attorney for collection.[1]

Defendant defaulted under the terms of the note by failing to pay monthly installments to Plaintiff and failing to pay the entire balance due on or before the Note's maturity date.[2] Accordingly, on June 1, 2015, Plaintiff notified Defendant that the entire balance of $257,541.93 was due as a result of the indebtedness maturing on February 20, 2015.[3] Plaintiff provided Defendant ten (10) days from the date of receipt of the letter to satisfy the entire obligation, and notified Defendant that if he failed to do so he would be responsible for all costs, including reasonable attorney's fees pursuant to O.C.G.A. § 13-1-11.[4] Plaintiff further provided Defendant thirty (30) days after receipt of the letter to dispute the validity of the debt or any portion thereof, otherwise it would be assumed to

---

[1] Pl. Compl., [Doc. 1] at 5-8, 15.
[2] *Id.* at 15; Mosier Aff., [Doc. 6-3] at para. 14.
[3] *Id.* at 6-7.
[4] Pl. Compl., [Doc. 1-2, Exhibit B].

be valid.[5]  As of July 10, 2015, Defendant has failed to make any payments on the Note.[6]

Now, Plaintiff alleges Defendant is liable for the unpaid principal balance, accrued interest, and late charges due and outstanding in the amount of $261,551.98.  Plaintiff seeks per diem interest in the amount of $50.18 per day after July 10, 2015, through the date of Judgment, as well as per diem late charges in the amount of $42.96 per day after July 10, 2015, through the date of Judgment.  Plaintiff also demands attorney's fees in the amount of $25,535.79.  Finally, Plaintiff petitions the Court for a writ of possession regarding the underlying collateral of the Note.[7]

## DISCUSSION

The entry of default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … and that fact is made to appear by affidavit or otherwise."[8]  Prior to obtaining a default judgment, the party seeking judgment must first obtain an entry of default from the Clerk of Court.[9]  Plaintiff has satisfied this requirement.

However, the entry of default does not mandate the entry of a default judgment. Instead, the Court must find a sufficient basis in the pleadings for judgment to be entered.[10]  Default is not an admission of liability, but it is an admission as to the well-

---

[5] *Id.*
[6] Mosier Aff., [Doc. 6-3] at para. 14.
[7] Pl. Motion for Entry of Final Default Judgment, [Doc. 6] at 3.
[8] Fed. R. Civ. P. 55(a).
[9] *Id.*
[10] *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239,1245 (11th Cir. 2015) (*citing Nishimatsu Constr.*

pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[11]  Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint.[12]

In considering any motion for default judgment, the Court must examine (1) its jurisdiction, (2) liability, and (3) damages.[13]  The Court has diversity jurisdiction over the instant case pursuant to 28 U.S.C. § 1332.  The remaining considerations are addressed below.

**A.  Liability on the Promissory Note**

A party who claims breach of contract under Georgia law has the burden of establishing (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to the contract terms.[14]  "Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) the resultant damages to the party who has the right to complain about the contract being broken."[15]

In an action to recover amounts due on a promissory note, a plaintiff is entitled to judgment as a matter of law if the record shows that the promissory note was executed by

---

*Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.))
[11] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).
[12] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).
[13] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).
[14] *Imps. Serv. Corp. v. GP Chems. Equity, LLC*, 652 F. Supp. 2d 1292, 1300 (N.D. Ga. 2009).
[15] *Id.* (internal quotation marks and citation omitted).

4

a defendant who is in default, unless the defendant produces or points to evidence in the record that establishes an affirmative defense.[16]

The Court finds the factual allegations in the Complaint and attached exhibits, deemed admitted by Defendant, establish Plaintiff has a right to recover amounts due under the promissory note.

**B.  Damages**

No evidentiary hearing is necessary to determine Plaintiff's damages because "the amount of damages is liquidated or can be reduced to a sum certain."[17]  Under the terms of the promissory note, Defendant is liable for the aggregate amount of $261,551.98 as of July 10, 2015.  This amount consists of unpaid principal in the amount of $236,882.07, interest in the amount of $18,225.91, and late charges in the amount of $6,444.00.  Defendant is also liable for per diem interest in the amount of $50.18 for each and every day after July 10, 2015, through the date of Judgment, and per diem late charges in the amount of $42.96 for each and every day after July 10, 2015, through the date of Judgment, as well as the cost of this action in the amount of $400.00.

**C.  Attorney's Fees**

Similarly, the Court may grant Plaintiff's request for attorney's fees without an evidentiary hearing because O.C.G.A. § 13-1-11 provides a statutory formula for their calculation.  Pursuant to this statute, "[o]bligations to pay attorney's fees upon any note or

---

[16] *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629 (2012); *see also Collins v. Regions Bank*, 282 Ga. App. 725, 726 (2006).

[17] *Langsfeld v. Wynne*, No. 1:08-CV-0225-JOF, 2009 WL 383395, at *3 (N.D. Ga. 2009).

other evidence of indebtedness … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence is collected by or through an attorney after maturity."[18]  If the note provides for attorney's fees without identifying a specific percentage of recovery, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00[.]"[19]

A party who seeks to collect attorney's fees allowed by O.C.G.A. § 13-1-11 must give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorney's fees.[20]  If all these requirements are met, the attorney's fees provision is enforceable.[21]

Here, the factual allegations in the Complaint demonstrate that the above requirements have been satisfied.  Therefore, pursuant to the terms of the promissory note, Defendant is liable for attorney's fees in the amount of $25,535.79.  These attorney's fees consist of fifteen percent (15%) of the first $500.00 of principal and interest set forth above and ten percent (10%) of the amount of principal and interest in excess of $500.00.[22]

**D. Petition for Writ of Possession**

Additionally, Plaintiff filed a petition for writ of possession against Defendant in accordance with O.C.G.A. § 44-14-230 *et seq*.  Defendant executed the Note and pledged

---

[18] O.C.G.A. § 13-1-11(a).
[19] *Id.* § 13-1-11(a)(2)
[20] *Id.* § 13-1-11(a)(3).
[21] *TermNet Merc. Servs., Inc. v. Phillips*, 277 Ga. 342, 344 (2003).
[22] Pl. Amended Motion, [Doc. 7] at 1.

the following collateral as security:

> (a) All crops growing, grown, or to be grown in 2014 and the subsequent years, all harvested crops, all warehouse receipts or other documents (negotiable and non-negotiable) issued for storage of such crops;
> (b) All seed fertilizer, chemicals and petroleum, and any other crop input products;
> (c) All contract rights, chattel paper, documents, instruments, accounts, general intangibles, and cash and non-cash proceeds from the sale, exchange, collection, or disposition of any of the Collateral;
> (d) All entitlements and payments, whether in cash or in kind, arising under any governmental, whether federal or state, agricultural subsidy, deficiency, diversion, conservation, disaster, or any similar or other programs;
> (e) All farm and business machinery, equipment and tools; and
> (f) All rebates, in whatever form made or paid, that Borrowers receive from each cotton gin to which Borrowers have delivered or sold crops that are collateral for the loan.[23]

Under Georgia law, a Plaintiff may petition the Court for a writ of possession to recover personal property where there has been a violation of the terms of a security agreement.[24] The petition must be verified by an affidavit and contain statement of facts sufficient to make a prima facie showing that an indebtedness is owed.[25] Specifically, the Note must be secured by described collateral and in default.[26] Once a verified petition is filed, the Court will grant and issue summons to Defendant, providing Defendant with

---

[23] Pl. Compl., [Doc. 1-1] at 5.
[24] O.C.G.A. § 44-14-231 ("Upon a statement of the facts under oath, any person holding a security interest on personal property and wishing to foreclose the security interest may petition, by affidavit, either in person or by his or her agent or attorney in fact or at law, for a writ of possession. Such affidavit shall be made pursuant to the requirements of [O.C.G.A. §] 9-10-113 and forwarded with the petition to the appropriate judge, magistrate, or clerk in the county where the debtor may reside or where the secured property is located.").
[25] *Id.*
[26] *See id.*

seven (7) days to respond, either written or orally, to the petition for writ of possession.[27]

Here, Plaintiff filed a complaint with the necessary statement of facts and an affidavit in accordance with O.C.G.A. § 44-14-231. Further, the Note provides a description of all the collateral, and Plaintiff provided the financing statements for the same collateral.[28] Based on Plaintiff's compliance with O.C.G.A. § 44-14-231, the Court directs the Clerk of Court to issue a summons to Defendant pursuant to O.C.G.A. § 44-14-232.[29]

## CONCLUSION

Plaintiff's Motion for Entry of Default Judgment [Doc. 6] is **GRANTED**. Judgment will be entered in favor of Plaintiff against Defendant in the following amounts:

   a. **$261,551.98** representing unpaid principal, accrued interest, and fees under the Note

---

[27] O.C.G.A. § 44-14-232(b) ("The summons served on the defendant pursuant to subsection (a) of this Code section shall command and require the defendant to answer either orally or in writing within seven days from the date of the actual service unless the seventh day is a Saturday, a Sunday, or a legal holiday, in which case the answer may be made on the next day which is not a Saturday, a Sunday, or a legal holiday."); *see also McGowan v. W.S. Badcock Corp.*, 144 Ga. App. 255, 255 (1977) (finding the trial court was devoid of jurisdiction where Plaintiff fails to provide Defendant with a copy of the summons).
[28] Pl. Compl. [Doc. 1-1] at 5; Pl. Compl. [Doc. 1-3] at 1-5.
[29] O.C.G.A. § 44-14-232(a) ("When the petition provided for in Code Section 44-14-231 is made, the judge, the magistrate, or the clerk shall grant and issue a summons as prescribed in this Code section to the sheriff, his deputy or marshal, or any lawful constable of the county where the debtor resides or the secured property is located. Service shall be made by the officer by delivering a copy of the summons attached to a copy of the petition to the defendant personally; or, if the officer is unable to serve the defendant personally, service may be had by delivering the summons and the petition to any person sui juris residing on the premises; or, if no such person is found residing on the premises after reasonable effort, service may be had by tacking a copy of the summons and the petition on the door of the premises and, on the same day of the tacking, by enclosing, directing, stamping, and mailing by first-class mail a copy of the summons and the petition to the defendant at his last known address, if any, and making an entry of this action on the petition filed in the case.").

as of July 10, 2015;

b. **$50.29** in per diem interest for each and every day after July 10, 2015, through the date of Judgment;

c. **$42.96** in per diem late charges for each and every day after July 10, 2015, through the date of Judgment;

d. **$25,535.79** in attorney's fees; and

e. **$400.00** in the costs of this action.

The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff against Defendant and issue a summons to Defendant regarding the Writ of Possession.

**SO ORDERED**, this 16th day of October, 2015.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT JUDGE